IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAIL KERNAGHAN, | ) |
| | ) C.A. No. 05-_____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, as fiduciary and administrator of | ) |
| The IBM Long-Term Disability Plan, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

1. Plaintiff is an individual and resident of the State of Delaware.

2. Defendant Metropolitan Life Insurance Company ("Metropolitan") is a foreign corporation authorized by the Insurance Commissioner of the State of Delaware to transact business in the State of Delaware. Metropolitan is the plan fiduciary and administrator of The IBM Long-Term Disability Plan ("LTD Plan"), an employee welfare benefit plan as defined under the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1).

3. Metropolitan exercises discretionary authority and control over the administration of the LTD Plan and as such is a fiduciary under the Plan and ERISA, as defined in 29 U.S.C. §1002(21).

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and under ERISA, 29 U.S.C. §1132(f).

5. At all times relevant hereto, plaintiff was employed by IBM. As a benefit of such employment, the plaintiff was enrolled in the LTD Plan.

6. In January 1993, the plaintiff sustained a fracture of the lumbar spine in a non-

work related accident. On January 20, 1995, Metropolitan approved the plaintiff's claim under the LTD Plan and began paying monthly benefits to the plaintiff.

7. On information and belief, Metropolitan has funded some or all of the benefits paid to the plaintiff under the LTD Plan.

8. On October 19, 2004, Metropolitan sent a letter to the plaintiff terminating her LTD benefits effective November 19, 2004.

9. In the October 19, 2004 letter, Metropolitan alleged that the plaintiff no longer meets the definition of "totally disabled" under the LTD Plan.

10. On November 5, 2004, the plaintiff filed a timely administrative appeal of the decision to terminate her LTD benefits.

11. On January 6, 2005 (mistakenly recorded as 2004 on the letter), Metropolitan issued a decision denying the plaintiff's appeal and upholding the decision to terminate the plaintiff's LTD benefits.

12. The plaintiff has exhausted her administrative remedies under the LTD Plan.

13. Metropolitan's decision to terminate the plaintiff's LTD benefits is arbitrary, capricious and otherwise erroneous for the following reasons:

    a) Metropolitan rejected the opinions of two physicians, the plaintiff's treating physician and an examining physician hired by Metropolitan to review plaintiff's claim, without sufficient basis to do so. Neither Metropolitan nor the physician it hired to conduct a claim-file review provided sufficient reason or bases to reject the opinions of the treating and examining physicians.

    b) Although Metropolitan, after making its initial decision to terminate the plaintiff's LTD benefits, had the claims file reviewed by a physician, that physician

conducted only a paper review and did not physically examine the plaintiff. As stated above, the physicians who have physically examined the plaintiff have concluded she remains totally disabled from gainful employment.

      c) Metropolitan improperly relied on a functional capacity evaluation that does not take into consideration the effect of prolonged sedentary activity, the day-in, day-out stress of employment, or other significant factors such as the plaintiff's diminished cognitive capacities resulting from her intake of pain medications.

      d) Metropolitan's decision is otherwise not supported by substantial evidence.

14. Pursuant to 29 U.S.C. §1132(a)(1)(B), the plaintiff brings this complaint under ERISA to recover benefits due to her under the LTD Plan and to determine her right to on-going benefits.

WHEREFORE plaintiff respectfully requests that the Court enter an Order:

a) entering judgment in plaintiff's favor and against Metropolitan as fiduciary and administrator of the IBM Long-Term Disability Plan;

b) awarding plaintiff all past due LTD benefits with interest at the legal rate from the date of termination until the date of judgment;

c) ordering Metropolitan to re-commence payment of LTD benefits to the plaintiff as provided under the LTD Plan; and

d) awarding plaintiff's counsel fees under 29 U.S.C. §1132(g) and the costs of this action.

                                    FERRY, JOSEPH & PEARCE, P.A.

                                    /s/Rick S. Miller  
                                    RICK S. MILLER (#3418)  
                                    824 Market Street, Suite 904  
                                    P.O. Box 1351  
                                    Wilmington, DE 19899  
                                    (302) 575-1555  
Dated: June 15, 2005                 Attorney for Plaintiff