IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAIL KERNAGHAN, | : |
| Plaintiff, | : C.A. No. 05-402 (GMS) |
| v. | : |
| METROPOLITAN LIFE INSURANCE COMPANY, as fiduciary and administrator of The IBM Long-Term Disability Plan, | : |
| Defendant. | : |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1. Admitted upon information and belief.

2. Admitted that Defendant Metropolitan Life Insurance Company ("MetLife") is a foreign corporation authorized by the Insurance Commission of the State of Delaware to transact business in the State of Delaware. The remainder of this averment is denied as stated. It is admitted that MetLife acts in a fiduciary capacity as defined and limited in the IBM Long Term Disability Plan ("the Plan") to the extent that it provides a full and fair review of claim denials pursuant to Section 503 of the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. Denied that MetLife is the Plan Administrator.

3. No response is necessary is this averment calls for a legal conclusion. In the event that a response is necessary, admitted that MetLife is granted discretionary authority under the Plan and has discretionary authority to interpret the terms of the Plan and to determine eligibility for entitlement to plan benefits in accordance with the terms of the Plan.

4. Admitted.

5. Denied as stated. It is admitted that plaintiff was enrolled in the Plan.

6.  Answering defendant is without sufficient information or knowledge to admit or deny this averment. It is admitted that the administrative records show that plaintiff last worked on November 21, 1994 and that she filed a disability claim based on the diagnosis of an L-3 compression fracture. It is admitted that on January 20, 1995 MetLife corresponded with plaintiff and advised that her disability benefits had been approved with an effective date of January 5, 1995.

7.  MetLife provides insurance for long term disability plan benefits.

8.  Admitted that plaintiff's benefits were terminated after payment of long term benefits from January 1995 through November 19, 2004 because she was no longer disabled under the terms of the Plan.

9.  Denied as stated. MetLife's October 19, 2004 letter stated that it conducted a review of the disability benefit claim and was terminated the claim effective November 19, 2004 for the reasons stated in the letter, including that plaintiff no longer met the definition of disability as defined in the Plan.

10. Denied. Admitted that plaintiff filed a timely request for an administrative review of the decision to terminate her benefits.

11. Admitted.

12. Admitted.

13. Denied.

14. This averment requires a legal conclusion and no response is necessary.

## AFFIRMATIVE DEFENSES

15. Plaintiff's Complaint fails to state a claim for which relief can be granted.

16. MetLife's claim determination was not arbitrary and capricious, but rather was reasonable and in accord with the terms of the Plan.

17. Plaintiff's Complaint should be dismissed because MetLife administered long term disability benefits in accordance with plan documents and in the interest of all plan participants and beneficiaries.

18. MetLife properly exercised the discretion given it under the Plan to interpret the terms of the Plan and to determine eligibility for an entitlement to plan benefits in accordance with the terms of the Plan.

WHEREFORE, defendant Metropolitan Life Insurance Company demands judgment in its favor and against plaintiff plus costs and attorneys' fees as permitted under ERISA.

McCARTER & ENGLISH, LLP

BY: /s/ Paul A. Bradley
Paul A. Bradley (ID #2156)
919 North Market Street, Suite 1800
P. O. Box 111
Wilmington, DE 19899
(302) 984.6300
Attorney for Defendant,
Metropolitan Life Insurance Company

DATED: August 12, 2005

WL1: 109542.01