# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER ++
THOMAS R. RIGGS

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)
(++NJ BAR ONLY)

TELEFAX
(302) 575-1714

www.ferryjoseph.com

ARTHUR F. DiSABATINO
(1938-2001)

October 26, 2005

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, DE 19801

   Re: *Kernaghan v. Metropolitan Life Ins. Co.*
   C.A. No. 05-402

Dear Judge Sleet:

   This is the parties' joint status report for this case which is scheduled for an initial scheduling conference on November 2, 2005 at 3:00 PM.

   1. **Jurisdiction and Service.** The parties agree that subject matter jurisdiction is appropriate in this Court because this is an ERISA action. Service is complete.

   2. **Substance of the Action.** Plaintiff contends that the defendant acted arbitrarily and capriciously in terminating her long-term disability (LTD) benefits. The question is whether the plaintiff remains disabled under the terms of the policy. The defendant contends that it has adjudicated the plaintiff's claim appropriately.

   3. **Identification of Issues.** The primary issue is whether the defendant has acted arbitrarily or capriciously in its adjudication that the plaintiff no longer meets the definition of being disabled under the terms of the LTD policy.

4. **Narrowing of Issues.** At this time, the parties agree that it is likely that the Court will be able to decide this case from a paper record on cross-motions for summary judgment. It is unlikely that the issues are capable of being more narrow than already presented in the pleadings.

5. **Relief.** Plaintiff seeks an order of the Court vacating the defendant's termination of her LTD benefits, judgment for all past-due benefits and reinstatement of LTD benefits going forward. Plaintiff also seeks attorney fees and interest under ERISA.

6. **Amendment of Pleadings.** None anticipated at this time.

7. **Joinder of Parties.** None anticipated at this time.

8. **Discovery.** The parties anticipate basic paper discovery. The parties are in discussions about whether depositions will be taken. Expert discovery is not anticipated given the standard of review employed by the Court in these cases.

9. **Estimated Trial Length.** If trial is necessary, it will likely not exceed two days.

10. **Jury trial?** No.

11. **Settlement.** There have been no settlement discussions as of yet. The parties believe it is appropriate to refer the case to the Magistrate for mediation.

12. Counsel for the parties have conferred as to each of the above matter.

Respectfully submitted,

/s/Rick S. Miller
Rick S. Miller (#3418)

cc: Gail Kernaghan
    Paul A. Bradley, Esquire
    Clerk of the Court (e-filed)