IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GAIL KERNAGHAN,          )<br>                               )<br>    Plaintiff,                    )<br>                               )<br>    v.                           )<br>                               )<br>METROPOLITAN LIFE INSURANCE   )<br>COMPANY, as fiduciary and administrator of )<br>The IBM Long-Term Disability Plan,     )<br>                               )<br>    Defendant.                 ) | C.A. No. 05-402 (GMS) |

## SCHEDULING ORDER

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(b) on November 2, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED THAT:

1. **Rule 26(a) Initial Disclosures**. Not required pursuant to Fed. R. Civ. P. 26(a)(1)(E)(i).

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **November 30, 2005**.

3. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **March 2, 2006**.

   a.   Discovery and Scheduling Matters.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the tele-conference, the parties shall file with the Court, via electronic means (CM/ECF), a joint, non-argumentative letter

agenda not to exceed (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

4.  **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.  **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such a referral, the parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6.  **Case Dispositive Motions**. All case dispositive motions and an opening brief

and affidavits, if any, in support of the motion shall be filed on or before **March 30, 2006.** Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

      7.    **Applications by Motion**. Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      8.    **Oral Argument** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

      9.    **Scheduling**. The parties shall contact chambers at (302) 573-6470, only in situations where scheduling relief is sought and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
The Honorable Gregory M. Sleet
United States District Judge