IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GAIL KERNAGHAN,                                         :
                                                        :
            Plaintiff,                                  :   C.A. No. 05-402 (GMS)
                                                        :
      v.                                                :
                                                        :
METROPOLITAN LIFE INSURANCE                             :
COMPANY, as fiduciary and administrator of The         :
IBM Long-Term Disability Plan,                          :
                                                        :
            Defendant.                                  :
                                                        :

## VOLUME III OF V

### APPENDIX TO
### DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S OPENING BRIEF
### IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**MᴄCᴀʀᴛᴇʀ & Eɴɢʟɪsʜ LLP**

Paul A. Bradley (DE ID No. 2156)
Tanya Pino Jefferis (DE ID No. 4298)
919 North Market Street, Suite 1800
P.O. Box 111
Wilmington, Delaware  19899
(302) 984-6300
Attorneys for Defendant
Metropolitan Life Insurance Company

Date:   April 3, 2006

# TABLE OF CONTENTS

**TITLE**                                                                                                    **PAGE**

Excerpts of the Administrative Record (ML00001-ML00719)........................................ A111-A158

i

## CERTIFICATE OF SERVICE

I, Paul A. Bradley, undersigned counsel of record, hereby certify that on April 3, 2006, I caused a copy of the foregoing Appendix to Defendant's Motion for Summary Judgment and Opening Brief in Support of Its Motion for Summary Judgment to be served on the following counsel in the indicated manner:

CM/ECF Filing

Rick S. Miller, Esquire
Ferry, Joseph & Pearce, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

/s/ Paul A. Bradley
Paul A. Bradley (DE ID. No. 2156)

Metropolitan Life Insura.... Company

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

**⚜ MetLife®**

September 27, 1996

Gail Kernaghan
21 Edgewood Dr.
Rhinebeck, NY 12572

RE:  Long Term Disability
     Claim No.:  95097630
     Group No.:  35750
     S.S. No.:   299529291
     Serial No.: 142425

Dear Ms. Kernaghan

We are writing in reference to your Long Term Disability claim.

This is to advise you that we have requested additional medical information from your attending physician, Dr. Mousaui, to evaluate your claim for continuation of benefits.

We ask that you contact his office within the next thirty days to be sure this information is submitted on behalf of your claim.

Also, please advise us if you are seeing any other physicians.

The cost for providing this information remains your responsibility.

Your cooperation is appreciated.

Sincerely

*Sal Marchese*

Sal Marchese
Case Management Specialist II
Met DisAbility
1-800-638-0064

SM/cn

ML00295

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY  13504

**⚡ MetLife®**

September 27, 1996

Dr. Mousaui                    RE:  Long Term Disability
701 Middleford Rd.                  Claim No.:  95097630
Seaford, DE 19973                   Group No.:  35750
                                    S.S. No.:   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
                                    Claimant:   Gail Kernagham

Dear Dr. Mousaui

We are currently reviewing the Long Term Disability claim for
your patient, Gail Kernagham.  Additional information is needed
at this time to assist us in our ongoing management of this
claim.  We have enclosed an authorization permitting the release
of the requested information.

Please provide us with the following.

1.    Copies of current
      a.    Office notes from 5/96
      b.    Medications and dosage
      c.    Labs
2.    Treatment plan and patients response to treatment.
3.    List of limitations and restrictions
4.    Prognosis
5.    Return to work date

Thank you in advance for your cooperation.  Should you have any
questions, please contact me.

Yours truly

*Sal Mahn*

Sal Marchese
Case Management Specialist II
Met DisAbility
1-800-638-0064

ltdhSMgk/cn

A112                                         ML00296

# TELEPHONE MEMORANDUM

☐ Return File to: _____     ☐ Drop In     ☐ Rush

Call Received from: _____     Phone #: ( )

Call Made to: _____ Dr. Moore's office _____   Phone #: ( 702 ) 629-0266

Firm and Group Number: _____

Employee: _____ Craig Kernaghan _____

Claim Number: _____     Social Security Number: _____

☐ Please Return Call          ☐ Returned Your Call

**MESSAGE**

OLM ?   5/28/96

Call Received/Made by: _____ Sd _____   Date: _6/12/96_   Time: _9:30_

**REPLY**

ML00302

A113

Call Returned by: _____     Date: __/ /__ Time: _____

Metropolitan Life Insura...e Company

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

**MetLife®**

April 25, 1996

Gail Kernaghan              RE:    Long Term Disability
21 Edgewood Dr.                    Claim No.:  94097630
Rhinebeck, NY 12572                Group No.:  35750
                                   S.S. No.:   299529291
                                   Serial No.: 142425

Dear Ms. Kernaghan

We are writing in reference to your Long Term Disability
claim.

This is to advise you that we have requested additional
medical information from your attending physician, Dr.
Mousaui, to evaluate your claim for continuation of
benefits.

We ask that you contact his office within the next thirty
days to be sure this information is submitted on behalf
of your claim.

The cost for providing this information remains your
responsibility.

Your cooperation is appreciated.

Sincerely

Sal Marchese
Case Management Specialist II
Met DisAbility
1-800-638-0064

SM/cn

ML00305

Metropolitan Life Insurance Company

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY  13504

 **MetLife®**

April 25, 1996

Dr. Shahla Mousaui                RE:   Long Term Disability
701 Middle Ford Rd.                     Claim No.: 94097630
Seaford, DE 19973                       Group No.: 35750
                                        S.S. No.:  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
                                        Claimant:  Gail Kernaghan

Dear Dr. Mousaui

This is in reference to your patient, our claimant, Gail
Kernaghan.

As her Long Term Disability provider, we need to periodically
certify continued disability.  Kindly forward copies of your
office notes, recent test results, and a brief narrative
description of her current condition.  Also please complete the
enclosed Attending Physician's form.

Enclosed is a signed authorization and return envelope for your
convenience.

Thank you for your anticipated cooperation.

Yours truly

Sal Marchese
Case Management Specialist II
Met DisAbility
1-800-638-0064

ltdhSMgk/djr

Enclosure

## TELEPHONE MEMORANDUM

☐ Return File to: _____    ☐ Drop In    ☐ Rush

Call Received from: *GAIL KERNAGHAN* _____ Phone #: (302) 424-2420

Call Made to: _____    Phone #: (    )

Firm and Group Number: _____

Employee: _____

Claim Number: _____    Social Security Number: _____

☐ Please Return Call        ☐ Returned Your Call

**MESSAGE**

*STATUS ON TRANS.*

Call Received/Made by: *D.H* ___ Date: *1/11/96* Time: _____

**REPLY**

Ee States she would like to work but her Disability is to inconsistent, she is fine for 2 days then she is in bed for 3 days. Her Pain Mgt. (medications) make her very groggy and ~~her~~ it makes it hard for her to concentrate and think. Her memory also bad. Her next Doctor appointment is in 2/96.

ML00314

Call Returned by: *S.L* _____ Date: *1/12/96* Time: *8:30*

# TELEPHONE MEMORANDUM

☐ Return File to: _____     ☐ Drop In     ☐ Rush

Call Received from: _____     Phone #: (     )

Call Made to: _Gail Kerringham_ (title) _____     Phone #: (     )

Firm and Group Number: _____

Employee: _____

Claim Number: _____     Social Security Number: _____

☐ Please Return Call          ☐ Returned Your Call

**MESSAGE**

She is working on SS with CRA
she will keep us informed

Call Received/Made by: _Sal_____     Date: _11/27/95_ Time: _9:30_

**REPLY**

ML00317

Call Returned by: _____     Date: ___/___/___ Time: _____

mm3181.GRN 2/89

Metropolitan Life Insura... Company

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

**MetLife®**

October 23, 1995

Gail Kernaghan                RE:    Long Term Disability
21 Edgewood Dr.                      Claim No.:  94097630
Rhinebeck, NY 12572                  Group No.:  35750
                                     S.S. No.:   299529291
                                     Serial No.: 142425

Dear Ms. Kernaghan

We are writing in reference to your Long Term Disability
claim.

This is to advise you that we have requested additional
medical information from your attending physician, Dr.
Mousaui, to evaluate your claim for continuation of
benefits.

We ask that you contact his office within the next thirty
days to be sure this information is submitted on behalf
of your claim.

The cost for providing this information remains your
responsibility.

Your cooperation is appreciated.

Sincerely

Sal Marchese
Case Management Specialist I
Met DisAbility
1-800-638-0064

SM/cn

ML00320

Metropolitan Life Insurance Company          **MetLife®**

DisAbility Management Services
P.O. Box 3017
Utica, NY    13504

October 25, 1995

Dr. Shahla Mousaui          RE:   Long Term Disability
701 Middle Ford Rd.               Claim No.:  94097630
Seaford, DE   19973               Group No.:  35750
                                  S.S. No.:   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
                                  Claimant:   Gail Kernaghan

Dear Dr.  Mousaui

We are the Long Term Disability  carrier for your patient, Gail
Kernaghan, and we need additional information from you.  Please
respond to the following:

1.    What are her current restrictions and limitations?
      What activities is she able to perform?

2.    Please complete the enclosed Physical Capacities Form based on
      your most recent examination of this patient.

3.    Do you think that she will recover sufficiently to return to
      work on a full-time basis?  On a part-time basis?  If so, on
      what date?  If not, please explain.  If any other work
      restrictions would apply to this patient, please specify them.

4.    Please submit copies of all medical records (Office notes,
      x-ray/test results, etc.)

5.    From medical information previously submitted, it appears she
      has both physical and psychological limitations.  Do you
      consider the patient's primary disabling condition to be
      physical or psycological in nature?  In the absence of the
      patient's psychological problems, would the physical problems
      alone be significant enough to privent her from working?
      Please elaborate on your response.  Please confirm you current
      recommended treatment plan.  Has surgery been scheduled?

6.    Do you think that she could perform the duties of or be
      restrained for a less physically demanding job?

7.    Has she reached maximum medical improvement?

8.    If the patient has reached maximum medical improvement, what is
      the frequency of treatment needed?

ML00321

**≋MetLife®**

- 2 -

If there is a fee for release of this information, please forward your bill, including your Federal Tax Identification (TIN) or Social Security Number, along with the requested information.

An authorization for release of this information is enclosed.

Thank you for your cooperation.  Should you have any questions, please contact me.


Yours truly

*Sal Marchese*
Sal Marchese
Case Management Specialist
DisAbility Management Services
1-800-638-0064


ltdhSMSM/lmg

A120

ML00322

## TELEPHONE MEMORANDUM

☑ Return File to: _REVIEWER_                  ☐ Drop In    ☐ Rush

Call Received from: _GAil KeRNAghAN_                  Phone #: (   )
title

Call Made to: _____                  Phone #: (   )
title

Firm and Group Number: _IBM_

Employee: _____

Claim Number: _____    Social Security Number: _299529291_

☐ Please Return Call          ☐ Returned Your Call

**MESSAGE**

New A/P-
Specialty - Neuro - Pain management.


Dr. Shahla Mousavi
701 Middle Ford Rd.
Seaford DE 19973

Call Received/Made by: _DrH_    Date: _10 8 95_    Time: _____

**REPLY**

GROUP LIFE
DISABILITY CLAIMS
35750
OCT 2   1995
Pending
In Payments
Terminated
No Record   ☐ Files ☐ CRT

8/24/95 mail

ML00329

A121

Call Returned by: _____    /    /  Time: _____

Metropolitan Life Insuran⸱ ⸱pany

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

**MetLife®**

September 18, 1995

Gail A. Kernaghan          RE:   Long Term Disability
21 Edgewood Drive                Claim No.:  94097630
Rhinebeck, NY  12572             Group No.:  35750
                                 S.S. No.:   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
                                 Serial No.: 142425

Dear Ms. Kernaghan

We are writing in reference to your Long Term Disability
claim.

This is to advise you that we have requested additional
medical information from your attending physicians, Dr.
Carl and Dr. Greenhouse, to evaluate your claim for
continuation of benefits.

We ask that you contact their offices within the next
thirty days to be sure this information is submitted on
behalf of your claim.

The cost for providing this information remains your
responsibility.

Also, please complete the attached personal profile
evaluation from and advise us if surgery has been
scheduled.

Your cooperation is appreciated.

Sincerely

Sal Marchese
Case Management Specialist I
Met DisAbility
1-800-638-0064

SM/dlm

Attachment

A122

ML00330

Metropolitan Life Insuran͏ ͏͏pany

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

**MetLife®**

September 18, 1995

Dr. Allen Carl                    RE:   Long Term Disability
Albany Medical Center                   Claim No.: 94097630
Suite A280                              Group No.: 35750
Albany, NY 12208                        S.S. No.:  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
                                        Claimant:  Gail Kernaghan

Dear Dr. Carl

We are the Long Term Disability carrier for your patient,
Gail Kernaghan, and we need additional information from
you.  Please respond to the following:

1.    What are her current restrictions and limitations?
      What activities is she able to perform?

2.    Please complete the enclosed Physical Capacities
      Form based on your most recent examination of this
      patient.

3.    Do you think that she will recover sufficiently to
      return to work on a full-time basis?  On a part-time
      basis?  If so, on what date?  If not, please
      explain.  If any other work restrictions would apply
      to this patient, please specify them.

4.    Please submit copies of all medical records (Office
      notes, x-ray/test results, etc.) covering dates 1/95
      to present.

5.    From medical information previously submitted, it
      appears she has both physical and psychological
      limitations.  Do you consider the patient's primary
      disabling condition to be physical or psychological
      in nature?  In the absence of the patient's
      psychological problems, would the physical problems
      alone be significant enough to prevent her from
      working?  Please elaborate on your response.  Please
      confirm your current recommended treatment plan.
      Has surgery been scheduled?

6.    Do you think that she could perform the duties of or
      be retrained for a less physically demanding job?

ML00331

- 2 -

7.    Has she reached maximum medical improvement?

8.    If the patient has reached maximum medical
      improvement, what is the frequency of treatment
      needed?

If there is a fee for release of this information, please
forward your bill, including your Federal Tax
Identification (TIN) or Social Security Number, along
with the requested information.

An authorization for release of this information is
enclosed.

Thank you for your cooperation.    Should you have any
questions, please contact me.

Yours truly

*Sal Marchese*

Sal Marchese
Case Management Specialist
Met DisAbility
1-800-638-0064

ltdhSMgk/ha

ML00332

A124

## TELEPHONE MEMORANDUM

☐ Return File to: _____    ☐ Drop In    ☐ Rush

Call Received from: _____    Phone #: (   ) _____

Call Made to: _Wilmington Trust Bank_    Phone #: (302) - 651 - 1818
<span style="margin-left:4em">title</span>    ~~(302)~~ 302 - 652 - 2378
<span style="margin-left:4em">title</span>

Firm and Group Number: _____

Employee: _Gail Kernaghan_ _____

Claim Number: _____    Social Security Number: _____

☐ Please Return Call    ☐ Returned Your Call

**MESSAGE**

Acct # ? 2685 3834
Rout # ? 031100092

Call Received/Made by: _Sal_    Date: _9, 8, 95_ Time: _2:45_

**REPLY**

ML00335

Call Returned by: _____    Date: ___/___/___ Time: _____

A125

## TELEPHONE MEMORANDUM

☐ Return File to: _REVIEWER_  ☐ Drop In  ☐ Rush

Call Received from: _GAIL KERNAGHAN_  Phone #: ( )
title

Call Made to: _____ Phone #: ( )
title

Firm and Group Number: _____

Employee: _____

Claim Number: _____ Social Security Number: _299529291_

☐ Please Return Call    ☐ Returned Your Call

**MESSAGE**

NEW ADDRESS -

10 EAST SARATOGA RD
MILFORD DE 19963

(302) 424-2425

GROUP LIFE
DISABILITY CLAIMS

AUG 14 1995

Pending
In Payments
Terminated
No Record  ☐ Files ☐ CRT

Call Received/Made by: _____ Date: __ / __ / __ Time: _____

**REPLY**  Delete EFT - she will
send in new bank info.

ML00342

A126

Call Returned by: _____ Date: __ / __ / __ Time: _____

Metropolitan Life Insur.  . .ompany

Met DisAbility
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504



July 28, 1995


B. Barry Greenhouse, M.D.    RE:    Long Term Disability
Pain Management Center              Claim No.:   94097630
9 Columbia Circle                   Group No.:   35750
Albany, NY  12203                   S.S. No.:    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
                                    Claimant:    Gail Kernaghan

Dear Dr. Greenhouse

We are writing in reference to the bill which you have
sent to our office for providing medical information on
the above captioned claimant.

It is the responsibility of the claimant to provide the
insurance company with periodic proof of their continuing
disability as requested.  It is also clearly stated on
the medical forms that "the patient is responsible for
having this form completed without expense to
Metropolitan or the employer."

We therefore suggest you contact the claimant for payment
of this bill.

Yours truly

*Elaine K. Cancelino*

Elaine K. Cancelino
Case Management Specialist
Met DisAbility
1-800-638-0064


EC/tma

ML00343

## TELEPHONE MEMORANDUM

☐ Return File to: _____

Call Received from: _____

Call Made to: _Andrea_

Firm and Group Number: _____

Employee: _Gail_

Claim Number: _94097630_

☐ Please Return Call          ☐

**MESSAGE**

☐ Rush

#: ( )

#: (866) 825-7734

_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_

Waiting for letter from typing corr

Voice Ma Sent 7/20 has contacted her from C. ~~Remove estrate 7/21~~ ade yet?

("she was scheduled for Tomorrow but we will have Someone Call her immediatly."

Call Received/Made by: _____   Date: 7 / 20 / 8   Time: _____

**REPLY**

ML00346

Call Returned by: _____   Date: / /   Time: _____

mm3101 GRN 299                                    A128

# Social Security Notice

From: Department of Health and Human Services
Social Security Administration

Cory

GAIL A KERNAGHAN
21 EDGEWOOD DR
RHINEBECK, NY  12572

Date: **MAY 0 9 1995**

Claim Number: 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

Claim for
[X] Disability Insurance Benefits
[ ] Disabled Widow, Widower Benefits
[ ] Childhood Disability Benefits

We have determined that you are not entitled to disability benefits based on the claim that you filed. The attached page explains why we decided that you are not disabled. However, you may appeal this determination if you still think you are disabled.

The determination on your claim was made by an agency of the State. It was not made by your own doctor or by other people or agencies writing reports about you. However, any evidence they gave us was used in making this determination. Doctors and other people in this State agency who are trained in disability evaluation reviewed the evidence and made the determination based on Social Security law and regulations. The law is explained on the second page of this letter.

In addition, you are not entitled to any other benefits based on this application. If you applied for other benefits, you will receive a separate notice when a decision is made on that claim(s).

## YOUR RIGHT TO APPEAL

If you think we are wrong, you can ask that the determination be looked at by a different person. This is called a reconsideration. IF YOU WANT A RECONSIDERATION, YOU MUST ASK FOR IT WITHIN 60 DAYS FROM THE DATE YOU RECEIVE THIS NOTICE. IF YOU WAIT MORE THAN 60 DAYS, YOU MUST GIVE US A GOOD REASON FOR THE DELAY. Your request must be made in writing through any Social Security office. Be sure to tell us your name, Social Security number and why you think we are wrong. If you cannot write to us, call a Social Security office or come in and someone will help you. You can give us more facts to add to your file. However, if you do not have the evidence yet, you should not wait for it before asking for a reconsideration. You may send the evidence in later. We will then decide your case again. You will not meet with the person who will decide your case. Please read the enclosed leaflet for a full explaination of your right to appeal.

SSA Publication No. 05-10058
  Enclosure:
Important:  See second page for additional information.

ML00349

## EXPLANATION OF DETERMINATION

| Name of Claimant | NH's Name (if CDB or DWB Claim) | SSN | Type of Claim |
|---|---|---|---|
| GAIL A KERNAGHAN | | 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 | II |

The determination on your claim was made by a State agency based on Social Security law and regulation.  It was NOT made by your own doctor or by other people or agencies providing reports about your condition.  Any reports given us, however, were used in making this decision.

The State agency that decided your claim had the following: ALLEN CARL, M.D. for the period of 02/11/93-12/02/94, B. BARRY GREENHOUSE, M.D. for the period of 04/13/94-01/16/95, S. BOCK, M.D. for the period of 02/10/94-03/16/94, ALBANY MEDICAL CENTER for the period of 08/16/94-09/27/94 and J.JOHANSSON,M.D., report of 04/24/95. We did not obtain any other reports because no others were available.

We have determined that your condition is not severe enough to keep you from working.  We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.

You said you were disabled because of a back problem and diabetes. The medical evidence shows that you have had pain and stiffness with some restriction of your activities. Based on your description of your job as a SYSTEMS ANALYST, your condition does not prevent you from performing this work.

If your condition gets worse and keeps you from working, write, call or visit any Social Security office about filing another application.

2614 U133 02104134          05/04/95           copy

ML00350

FORM SSA-4268-C4

A130

21 Edgewood Dr.
Rhinebeck, NY 12572
January 23, 1995

Metropolitan Life Insurance
Disability Management Services
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504

RE:  Long Term Disability
     Claim #: 94097630
     Group #: 35750
     S.S. #  : 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
     Serial #: 142425

Doreen:

Enclosed you will find the information requested except for the
W4S form (Calculation of Tax on Sick Pay). The W4S I had from the
package was for 1993, so I've requested a more current form from
the IRS and once it arrives, I will forward it on to you.

I have just applied for Social Security Disability, and do not
have my application appointment until February 6, 1995. I would
appreciate it if you could remove the Social Security Estimate on
any future Disability Payments until I have notification from
Social Security Administration that I have been approved for
Social Security Disability. I have enclosed a copy of the only
information that Social Security Administration has provided me.

If there is any additional information required, please don't
hesitate to give me a call at 914-876-2095.

Regards,

Gail Kernaghan

Gail Kernaghan

ML00369

A131

Metropolitan Life Insurance Company

**Disability Management Services**
**Cosby Manor Road**
**P.O. Box 3017**
**Utica, NY 13504**

**MetLife®**

January 31, 1995

Gail Kernaghan             RE:    Long Term Disability
21 Edgewood Drive                 Claim No.:  94097630
Rhinebeck, NY   12572             Group No.:  35750
                                  S.S. No.:   299529291
                                  Serial No.: 142425

Dear Ms. Kernaghan

Please complete the enclosed form regarding your
education, training and experience and return it to our
office in the enclosed envelope.

This information is necessary to document your file.

Thank you for your cooperation.

Yours truly

Doreen Heinrich
Case Management Specialist
Disability Management Services
1-800-638-0064

DH/cmw

Enclosure

ML00373

Metropolitan Life Insurance Compa..y

Disability Management Services
Cosby Manor Road
P.O. Box 3017
Utica, NY 13504



January 20, 1995

Gail Kernaghan          RE:   Long Term Disability
21 Edgewood Drive             Claim No.:  94097630
Rhinebeck, NY  12572          Group No.:  35750
                              S.S. No.:   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
                              Serial No.: 142425

Dear Ms. Kernaghan

We are pleased to advise you that your claim for Long Term
Disability benefits under the IBM Disability Benefits Plan has
been approved.  Payments will be issued the last week of the
month and are payable on the last day of the month provided you
continue to qualify for benefits.

The amount of your Long Term Disability monthly benefit is
$2,983.48 which equals 66⅔% of your regular monthly compensation.

Your Long Term Disability effective date is January 5, 1995.
Therefore, payment for the month of January must be prorated at
19/22 days for a payment of $2,576.64.

The amount of your basic monthly benefit is reduced by Estimated
Primary Social Security Benefits from March 1, 1995 through
August 2017.  A copy of the Primary Social Security Award or the
denial notice must be sent to us as soon as it is received so we
may adjust your claim.

Please refer to the enclosed Notice of Approval which indicates
your benefit schedule.

To prevent any incorrect disability payments, you should notify
us promptly if:

    —      You return to work (regardless of the kind of work to
           which you return); or

    —      Your doctor advised you that your condition has
           improved and that you are able to return to your own
           occupation or some other type of work; or

    —      You receive "Other Income Benefits" such as Social
           Security, Workers' Compensation, State Disability
           Insurance, and any other income benefits as described
           in your Summary Plan Description.

- 2 -

We will be requesting an updated medical statement in June 1995 to certify continued disability as defined in your plan.

If you should have any questions or concerns, please feel free to contact our office.

Yours truly

Doreen Heinrich
Disability Management Specialist
Disability Management Services
1-800-638-0064

DH/dlm

Enclosure

cc:  Kevin Dorney
cc:  Occupational Health Services

ML00379


**MetLife®**
P.O. Box 3017
Utica, NY 13504

February 05, 2001

To:     Brenda Foraker
        Administrative Assistant
        University of Delaware

RE:     Gail Kernaghan
        10 East Saratoga Road
        Milford, DE 19963

Claim: 699501171006
SS#:    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
Group: 35750

Bill to:  Lisa Screen Housley,CRC
          Rehabilitation Coordinator
          MetLife Disability
          PO Box 3017, Utica NY 13504

MetLife Disability will authorize payment to University of Delaware for enrollment in
Multi Media Literacy EDUC-685-435, (3credit course) and associated fees, total cost not
to exceed $775.00.

Please submit a bill for purchase noted to the above address to my attention. Please make
sure the above claim number and your federal ID number appears on the bill.

Please call me if there are any questions regarding this purchase order at 1-800-300-4296
ext. 2385.

Sincerely,

Lisa Screen Housley, MS, CRC

A135                                          ML00423

# The Normandy Group Ltd.

*Practice limited to Social Security*

William E. Wilkin
P.O. Box 5099
Herndon, VA 20172-1966

(800) 677-0531, (877)# 957-3783
(703) 464-0150
Fax (703) 464-0505
Email: normandy@biztech.net

December 28, 2000

Ed Peters
Met Life LTD Claims (NY)
PO Box 3017
Utica, NY 13504
||u||u||u||u||||u||u||u||

|  |  |
|---|---|
| Re: | Gail A. Kernaghan |
| SSN: | 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 |
| Claim No: | 699501171006 UDS# 699501171006 |

Dear Mr. Peters:

Enclosed please find a copy of the "Action of Appeals Council on Request for Review" dated December 14, 2000. This denial of my request for review means that the Appeals Council agreed with Administrative Law Judge David C. Harty who denied Mrs. Kernaghan's claim for disability benefits.

The claimant now has the option of commencing a lawsuit against the Commissioner of Social Security in Federal District Court within sixty days of the date of the Appeals Council denial.

After careful review, I will advise Mrs. Kernaghan not to pursue a lawsuit in this instance. To survive federal court review, the government only has to establish that their denial is supported by what the Social Security Act calls "substantial evidence." That means that all of the evidence doesn't have to support the denial for them to survive a court challenge. Using that standard, the Administrative Law Judge's decision may be supported by sufficient evidence to meet that test. In this case, we face the additional burden of proving the severity of Mrs. Kernaghan's disability prior to her date-last-insured.

I am sorry that our best efforts were not good enough to come up with a favorable decision in this case. Please contact me at 1-877-957-3783 with any questions. I shall close this file.

Sincerely,

*[signature]*

William E. Wilkin
Attorney-Representative

ML00424

/wew

COLLEEN MOFFATT

JAN 0 2 2001

A136



**SOCIAL SECURITY ADMINISTRATION**

**Refer to: TAHB7**
**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**

Office of Hearings and Appeals
5107 Leesburg Pike
Falls Church, VA 22041-3255

DEC 1 4 2000

## ACTION OF APPEALS COUNCIL ON REQUEST FOR REVIEW

Ms. Gail A. Kernaghan
10 E Saratoga Rd
Milford, DE 19963

Dear Ms. Kernaghan:

The Appeals Council has considered the request for review of the Administrative Law Judge's decision issued on December 11, 1998.

Social Security Administration regulations provide that the Appeals Council will grant a request for review where: (1) there appears to be an abuse of discretion by the Administrative Law Judge; (2) there is an error of law; (3) the Administrative Law Judge's action, findings, or conclusions are not supported by substantial evidence; or (4) there is a broad policy or procedural issue which may affect the general public interest. The regulations also provide that where new and material evidence is submitted with the request for review, the entire record will be evaluated and review will be granted where the Appeals Council finds that the Administrative Law Judge's actions, findings, or conclusion is contrary to the weight of the evidence currently of record (20 CFR 404.970).

The Appeals Council has concluded that there is no basis under the above regulations for granting your request for review. Accordingly, your request is denied and the Administrative Law Judge's decision stands as the final decision of the Commissioner of Social Security in your case. In reaching this conclusion, the Appeals Council has considered the applicable statutes, regulations, and rulings in effect as of the date of this action.

If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this notice. The right to court review is provided for in section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)).

ML00425

**REPRESENTATIVE**

2

If you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request.

If a civil action is commenced, the Commissioner must be served by sending a copy of the summons and complaint by registered or certified mail to the General Counsel, Social Security Administration, Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235. (See rules 4(c) and (i) of the Federal Rules of Civil Procedure). In addition, you must serve the United States Attorney for the district in which you file your complaint and the Attorney General of the United States, as provided in the Federal Rules of Civil Procedure.

Sincerely yours,

*original signed by*
Howard Brooks
Appeals Officer

cc:
William E. Wilkin, Esq.

ML00426

REPRESENTATIVE



# CONCENTRA
## MANAGED CARE SERVICES

| | | | |
|---|---|---|---|
| Client: | Gail Kernaghan | Employer: | IBM Corp. |
| Age: | 47 | | |
| Claim Number: | 699501171006 | Occupation: | Advisory Programmer |
| | | DOI: | 10/23/94 |
| Referral Source: | Lisa Screen-Housley | Referral Date: | 06/28/2000 |
| Account: | Met Disability | CONCENTRA Referral Number: | 237445 |
| Address: | P O Box 3017, Utica, NY 13504 | REPORT DATE: | 12/06/2000 |
| Policy Type: | 35750 | | |
| Telephone #: | 302-424-4245 | | |
| Education: | MS in Computer/Information Science | | |
| Diagnosis: | Radiopathy | | |
| Soc. Sec. #: | 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 | | |

### MET LIFE LTD ACTIVITY REPORT # 5

**SIGNIFICANT OUTCOME:**
- Provided Ms. Kernaghan with information regarding a refresher course at Del Tech and Community College.

**ACTION TAKEN:**
- On 11/10/2000, informed Ms. Kernaghan by phone and correspondence of an online refresher course offered by Del Tech and Community College.
- Per my discussion with the CSI Dept. Chair at Del Tech and Community College, due to Ms. Kernaghan's physical abilities and her education level i.e. Masters Degree in Computer Information Science, the Dept. Chair at the local community college felt that Ms. Kernaghan only required refresher courses regarding her profession.
- Contacted Ms. Kernaghan on 11/20/2000, 11/29/2000 and again on 12/06/2000 to ascertain if the information that was provided fulfilled Ms. Kernaghan's concerns about competing in the current labor market.
- To date, Ms. Kernaghan has not responded to any of the telephone contacts.

**CASE MANAGER'S ASSESSMENT/GOALS:**
- Information was provided to Ms. Kernaghan regarding online courses at a local community college. To my knowledge, Ms. Kernaghan has not followed up with the CSI Dept. Chair, Ms. Atkins at Del Tech Community College.
- At this time, this Case Manager is unaware of Ms. Kernaghan's interest or intent regarding finding alternative employment.

**ACTION PLAN:**                                              **DATE FOR COMPLETION**
1. Discuss file status with carrier.                          12/13/2000
2. Continue to contact Ms. Kernaghan in effort to discuss her current vocational   12/08/2000 and 12/15/2000
   situation.

**Next Report Date:**    01/10/2001

Barbara Stevenson, CRC, CCM
Case Manager
Dictated but not read
BS/tb    740555.doc    DD: 12/06/2000

DEC 18 2000

A139

ML00427

# CONCENTRA
## MANAGED CARE SERVICES

| | | | |
|---|---|---|---|
| **Attention:** | Lisa Screen Hausley | | |
| **Client:** | Gail Kernaghan | **Claim #:** | 699501171006 |
| **Age:** | 47 years old | **Insured:** | RIB Incorporation |
| **DOI:** | 11/23/94 | **Concentra File #:** | 237445 |
| **S.S.#:** | 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 | **Policy #:** | 35750 |
| **Telephone #:** | (302) 424-2425 | | |
| **Occupation:** | Advisory Programmer | | |
| **Education:** | MS in Computer and Information Science | | |
| **Diagnosis:** | Radiculopathy | | |

### MET DISABILITY HOME VISIT
### DATES: 06/29/2000 to 07/14/2000

**BRIEF INTRODUCTION:**
At the request of the carrier, Form A Vocational Assessment and to determine if placement options are necessary.

**Reason for Referral:**
Voc assessment/job expiration.

**Actions Taken to Coordinate Referral:**
To coordinate referral. Contacted client and carrier on 06/29/2000. Carrier indicated that client showed interest in seeking part-time employment. Coordinated with client to meet with her for the purpose of initial interview on 07/12/2000. Initially it was scheduled for 07/09/2000, but the client was out of town and unable to meet this case manager.

## I.    MEDICAL HISTORY:

Injured in a sledding accident in 11/1994. Client is a diabetic. Injured right shoulder, right hip and back. No surgery performed. Currently treating with Shahla Mousavi, MD, 701 Middleford Rd, Seaford, DE, 19973, (302) 645-2703.

## II.    CURRENT MEDICAL TREATMENT:

Vicodin, 400 mgs. Vacolfen, 10 mgs., Valiu, 5 mgs., Prozac, 10 mgs., and Insulin.
Ms. Kernaghan says she has good days and bad days in regards to her back and hip pain. Mother and physical activity seems to deter her pain. Current treatment consists of taking medication as prescribed, using heating pad and lying down every two to three hours. Ms. Kernaghan indicates that she is continuing to attend a water walking class at the YMCA, three times per week. Ms. Kernaghan reports that she sees her treating physician every other month.

## III.    DAILY ACTIVITIES/PHYSICAL APPEARANCE:

Ms. Kernaghan appeared without pain during our entire interview. Claimant sat throughout the hour and one-half interview without any signs of pain. Her daily activities consist of reading, taking short walks, watching TV, light household chores, in addition to volunteering at the library one to two times per week. Ms. Kernaghan reports that she currently sleeps through the night, getting up only once. Ms. Kernaghan states that on a good day, she can walk approximately one mile. On bad days, she remains in bed throughout the day. Ms. Kernaghan has no problem driving an automobile.

A140                                     ML00428

Met Disability Home Visit
RE: *Gail Kernaghan
Page 3

| Job Title: | DOT #: | Physical Demand: |
|---|---|---|
| Educational Teacher | 056.124-020 | Light |
| Technical Support Assistant | 033.162-018 | Light |

Ms. Kernaghan has not been in the computer field in the last five years. It appears Ms. Kernaghan has a strong background knowledge and understanding of working with the computer. It should be noted that upon performing a home visit, Ms. Kernaghan has a very elaborate computer set up in her home office. Ms. Kernaghan does not appear to be job searching at all at the present time.

## X.    CONCLUSION:

With carrier's approval begin investigating job opportunities in Ms. Kernaghan's geographical area. Include Ms. Kernaghan in the job search. Encourage Ms. Kernaghan to apply on her own. It is this case manager's opinion that unless a position is absolutely perfect for Ms. Kernaghan, she would not even apply for the position. Ms. Kernaghan appears to be very selective in her desires to pursue part-time employment.

Thank you for the opportunity to provide you with this information. If I can be of further assistance, I can be contacted at (302) 454-8900, ext. 3009. I will follow up with the reader regarding file direction.

Sincerely,

Barbara Stevenson, CRC, CCM
Case Manager

Dictated but not read
BS/lmc

A141

ML00429

## IV.    CLAIMANT'S LIVING CONDITIONS:  N/A

## V.    EDUCATION:

Ms. Kernaghan reports to have her Masters Degree in Computers and Information Science from Cleveland State University.  She also attended training courses provided by her insured employer, IBM.  She reports no military history.

## VI.    WORK HISTORY:

Claimant reports the following work history:
    IBM Corporation, 1985-1995
    Project Manager/Relief Manager.
    Held these positions for approximately three years for projects including scheduling, obtaining resources, determining if project was staying in budget, interface with responsible parties, etc.

Ms. Kernaghan also held the following positions with the insured:
    Project Manager, 1991-1993
    Service Delivery Manager, 1989-1991
    Service Planner, 1987-1991
    Assistant Assurance Technician, 1985-1987

Ms. Kernaghan also reports to be a medical technician at St. Joseph's Hospital in Ohio.

## VII.    MOTIVATION/POTENTIAL FOR RETURN TO WORK:

There does not appear to be any medical reason that would impede the claimant to return to work.  She is not a surgical candidate and her condition is not terminal or no new treatment regiments have been initiated.  Ms. Kernaghan indicates that she would only want to work part-time.  She indicated that she is interested in part-time work, but currently she understands her policy provisions have changed and would allow her to do so without duly affecting her long-term disability benefits.  Ms. Kernaghan only wants to work three to four hours per day, two to three times per week.  Ms. Kernaghan indicates that her daughter attends University of Delaware and no longer resides in the home.  Ms. Kernaghan's husband is employed full-time with the State of Delaware.  He is an LPN with State Hospital approximately 25 to 30 miles from his residence.

## VIII.    SUMMARY OF ASSETS/LIMITATIONS IN REGARD TO RETURN TO WORK:

Ms. Kernaghan's assets seem to be her education, experience and her remarkable work history.  Ms. Kernaghan is very apprehensive at being at work and is only interested in a limited amount of work.  We discussed areas in which she could possibly be employed and Ms. Kernaghan's interest level is very low.

## IX.    AREAS OF FURTHER INVESTIGATION:

Prior to the account's request a vocation exploration will be conducted in order to determine her potential placement in Ms. Kernaghan's local labor market within her physical abilities.  The following are occupational alternatives that are feasible and that were discussed with Ms. Kernaghan and are of interest:

ML00430

PHYSICAL THERAPY PHYSICIANS

JAMES F. BONNER, M. D.

WILLIAM C. MURPHY, D. O., LPT

PETER B. BANDERA, M. D.

217 KEDRON AVENUE

FOLSOM, PA 19033

TELEPHONE (610) 532-2633 FAX (610) 532-7856

April 15, 2002

Unival
2890 Carpenter Road
Suite 1400
P.O. Box 130770
Ann Arbor, MI 48113-0770

RE:  GAIL KERNAGHAN
CL#:  699501171006
SS#:  299.52.9291
DOB:  8/15/52
EMPLOYER:  IBM

Dear Unival;

The above named patient was seen today, 4/15/02. As you know, she is a 49-year-old, female who reports that she suffered an injury while sledding in 1993 and suffered a burst fracture of the third lumbar vertebrae. At that time, she states that she was a diabetic, but it was diet controlled. Since that time she has continued to have back pain and some intermittent right lower extremity pain with intermittent paresthesias. She also reports that she has had some cognitive changes due to the various medications. Her present medications include Zanaflex, Neurontin, and Vicodin.

She has not worked in any capacity for quite some time and states that initially following this injury she did return to work on a part-time basis, but was unable to continue at a full time level.

She states that she was treating with a pain management physician who apparently left the country and has not returned and she just recently started with someone else.

I have had the opportunity to review a number of medical records concerning Gail. These include the records of Metlife attending physician statement of functional capacity as completed on 3/7/01. I also reviewed this form as completed on 2/19/02 and the rehab note as completed by Lisa Housley. I also reviewed the form by Concentra Managed Care Services Disability Home visit 6/29/00 through 7/14/00. In addition, I reviewed the physician consultant review with the diagnosis of chronic hip and back pain as completed by Jeffrey Kahn, M.D. I also reviewed the medical record review summary which indicated that the patient had chronic pain. I reviewed further functional capacity reports with the diagnosis being depression also. I also reviewed the report of Allegheny University Hospital compression fracture L3 with lumbar myelogram and report of Dr. Yanez dated 6/5/97.

On physical examination I found a conscious, alert, overweight, white female who states that she has gained 60 pounds since this accident. She also states her inactivity has caused her to become insulin dependent.

Examination of the head was found to be normocephalic and atraumatic. The extraocular movements were intact. There was no nystagmus. Examination of the neck revealed a full range of motion of the cervical spine. Deep tendon reflexes were symmetric in the upper extremities at the biceps, triceps, brachioradialis, knees, absent at the ankles. Straight leg raising was positive on the right at 70 degrees, negative on the left.

A143

ML00483

Unival
Page 2
Re: Gail Kernaghan

There was a moderate degree of guarding in the lumbar spine in the area of L3, 4 and 5 and in the right greater sciatic notch, as well as the right sacroiliac joint. There was also right greater trochanteric tenderness.

She was able to ambulate independently without any assistive devices and was able to come within four inches of touching her toes, although did have complaints of discomfort. She had limited right lateral flexion with full left lateral flexion, extension was also limited due to pain.

Sensation was intact to light touch.

In summary, this patient has evidence of chronic pain syndrome secondary to burst fracture of L3 with ongoing evidence of lumbar radiculopathy. She also has evidence of some cognitive dysfunction secondary to medication. In addition, she is an insulin dependent diabetic. Presently, her objective findings do correlate with her subjective complaint and she was a credible historian with no evidence of inappropriate pain behavior. This patient remains disabled from her occupation. Her physical capacities would fall in the classification of sedentary/light with the ability to get up and move around, but is significantly limited by her present medications.

If you should have any questions concerning my evaluation and/or review, please do not hesitate to contact me.

Sincerely yours,

James F. Benner, M.D.

JFB/tg

TOTAL P.02

A144

ML00484

# MetLife

C20312 104665

## Attending Physician's Statement of Functional Capacity

The information provided is to be used for claims evaluation and auditing purposes only.
The patient is responsible for having this form completed without expense to Metropolitan or the Employer.

Met Disability
P.O. Box 3017
Utica, NY 13504-3017

| Patient Name | | | Group Number | Social Security # |
|---|---|---|---|---|
| First **GAIL** | Middle **A** | Last **KERNAGHAN** | 0035750 | 299529291 |

### 1. History and Diagnosis

A. Date symptoms first appeared/or accident occurred: 1/93
B. Date patient ceased work: 1/95
C. Date of most recent examination: 12/17/02
D. Frequency of visits: q 3 mth
E. Past history: L3 burst fx
F. Subjective symptoms: back pain
G. Objective findings (including test results): LS facet pain , ⊕SI joint pain

H. Primary diagnosis affecting work ability: back pain
I. Secondary diagnosis affecting work ability: SI joint pain
J. Present and future course of treatment: mediation / home exercise
K. Other known injuries or presently active diseases that may affect work abilities:

### 2. Does patient's medical condition allow exposure to the following; please check appropriate box and explain any limitation below:

| | No Limitation | Some Limitation | Avoid Completely | Cannot Determine |
|---|---|---|---|---|
| Dust/Gases/Fumes | ✓ | | | |
| Chemicals/Solvents | ✓ | | | |
| Temperature Extremes | | | ✓ work indoors | |
| Noise Levels | ✓ | | | |
| Allergenic Agents | ✓ | | | |
| Stairs/Ladders | | | ✓ | |
| Scaffolds/Heights | | | ✓ | |
| Enclosed Spaces | | | ✓ | |
| Drafts/Damp Areas | | | ✓ | |

Explanation:

### 3. Because of the patient's medical conditions, are there any limitations on any of the following activities; please check appropriate box and explain any limitation below.

| | No Limitation | Some Limitation | Avoid Completely | Cannot Determine |
|---|---|---|---|---|
| Transportation | | ✓ | | |
| Standing | | ✓ | | |
| Sitting | | ✓ | | |
| Change of Position (sitting/standing) | ✓ | | | |
| Assuming Cramped/Unusual Positions | | | ✓ | |
| Reaching (forward/overhead) | | ✓ | | |
| Pushing/Pulling/Twisting (arm/leg controls) | | ✓ | | |
| Grasping/Handling | ✓ | | | |
| Finger Dexterity | ✓ | | | |
| Repetitive Movement (hands/feet) | | ✓ | | |
| Climbing (stairs/ladders/scaffolds) | | | ✓ | |
| Balancing (exposure to falling) | | | ✓ | |
| Bending/Stooping/Squatting | | | ✓ | |
| Operating Truck/Dolly/Small Vehicle | | | ✓ | |
| Operating Heavy Equipment | | | ✓ | |
| Operating Electrical Equipment | | | ✓ | |
| Concentrated Visual Attention | ✓ | | | |
| Other | | | | |

Explanation: max sit 30min-60 min / max stand 30 min.

K85508.SCRE(09/00)

ML00491

4. Evaluation of carrying and lifting abilities includes both the intensity and frequency of the activity. For each weight class listed below, please indicate the reasonable top limit of frequency. Please provide an explanation below with any additional comments regarding limitations on duration, handlability and distance (in front of body and above floor).

| Intensity in Pounds | Frequency: Percentage of Workday | | | |
|---|---|---|---|---|
| | Never | Less than 20% | 20% - 60% | Greater than 60% |
| 0-15 | | ✓ | | |
| 16-30 | ✓ | | | |
| 31-45 | ✓ | | | |
| Greater than 45 | | | | |

Explanation:


5. Is there a past or present psychological problem that might interfere with patient's ability to work? If yes, please list your findings according to the DMS-III multiaxial classification.

Yes ☐           No ☒           Not Determined ☐

Explanation:


6. If you have any additional information that is relevant to patient's work ability, please indicate below.

medications will cause sedation + ↓ concentration


7. Progress Evaluation

☐ Recovered     ☐ Improved     ☒ Unimproved     ☐ Retrogressed
(Please check appropriate box and explain below.)
Explanation:   stable on medications, permanent injury


8. Disability Evaluation

| | For Any Occupation | For His/Her Occupation |
|---|---|---|
| Is patient now totally disabled? | Yes ☒  No ☐   Cannot Determine ☐ | Yes ☒  No ☐   Cannot Determine ☐ |
| If No, when was patient able to resume work activities? | | Cannot Determine ☐ |
| If Yes, when do you think patient will be able to resume work activities? | Cannot Determine ☐ | Cannot Determine ☐ |
| Approximate Date: | | |
| Indefinite: | | |
| Never: | | |
| Cannot Determine: | | |

ASIT UPADHYAY  DD.                    Physical Medicine + Rehabilitation
Name of Physician                      Board Certified Specialty

830 Walker Rd   Dover  DE   19901
Street Address                  City or Town        State

302, 730 8848           4/19/02
Telephone Number              Date         Signature

MM3128.SCRE(09/00)

ML00492

010713014968

# PHYSICIAN CONSULTANT REVIEW

**DATE OF REVIEW:** June 20, 2001

**CLAIMANT NAME:** KERNAGHAN, GAIL

**CLAIM NUMBER:** 699501171006

**CLAIMANT SS#:** 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

**REFERRAL SOURCE:** Stephanie Seely, Utica office.

**Diagnosis:** Chronic hip and back pain.

**File History/Summary:**
This claimant was initially injured in a sledding accident in 1993, and underwent extensive medical treatment since that time. The majority of the information in this file is quite outdated, including both vocational and medical records. We were able to find an attending physician statement of functional capacity dated 03/07/01 using the ACS system. Under section 2 of the form, there are no limitations listed. Under section 3 it state she can use transportation and stand for up to thirty minutes. She can sit for up to ten minutes, change positions every 30-60 minutes, and can perform grasping and handling as well as finger activities. Repetitious movements of the hands is limited by pain and it is advised that she does not climb, balance, bend, or use any vehicles.

Lifting of up to ten pounds is listed. Despite the fact that she obviously has some retained capabilities, the attending physician writes that her condition is unimproved, and she is disabled for both her own and any occupation, which is clearly contradictory to the information noted above.

She had a desire to return to work in a teaching capacity, and in fact worked with a vocational counselor to the point where she apparently registered for a course during the spring 2001 semester at the University of Delaware.

**Questions Posed and Answers:**
1. Q: Would an FCE or IME be appropriate to assess restrictions and limitations? A: FCE would be appropriate if there was a concern regarding her capabilities to perform at more than a light or sedentary duty level. If it is not anticipated that she will potentially return to work in a physical demand level greater than these noted, an FCE would not be necessary. With regard to an IME, given the fact that her injury is now eight years old, there is vague medical information, and the attending physician statements are not consistent, I feel that an IME may be valuable with regard to getting a more objective and overall assessment of the long-term implications of her condition with a definitive medical statement with regard to her capability to pursue vocational efforts.

*Independent Physician Consultant Review For MetLife Disability*
**MED / IPC RPT**

ML00493

010713014968

# PHYSICIAN CONSULTANT REVIEW

June 20, 2001
KERNAGHAN, GAIL
Claim Number: 699501171006
Page 2

**2. Q:** Is claimant totally disability for her own or any occupation based on the medical information? **A:** I do not believe that she is totally disabled for any occupation, and since I am not familiar with her usual and customary job which she has obviously not performed in almost seven years, cannot comment with regard to her own occupation.

**3. Q:** Would you recommend any further diagnostic test or medical therapies? **A:** In the absence of the ability to perform a physical examination and in the absence of current detailed medical records, I cannot make any specific recommendations at this time. However, those questions should certainly be posed to any independent medical examiner who may come in contact with the claimant.

**4. Q:** Could the claimant work part-time in a sedentary position? **A:** It would appear based on the information provided, her known activity level, her enrollment in classes, and her desire to return to work presumably in a sedentary type position, that part-time work in a sedentary position would be appropriate.

**Summary of Activity:**
The comprehensive medical file was reviewed, including DCS documents. The attending physician was not contacted at this point in time as there did not appear to be any significant information, which would otherwise be obtained through that contact.

JEFFREY KAHN, M.D., F.A.A.P.M.R., C.I.M.E.
Diplomate, American Board of Physical Medicine and Rehabilitation
Fellow, North American Spine Society
Certified, American Board of Independent Medical Examiners

JK/JT

UN-05-01 TUE 11:43 AM ✎ UD BILLING & COLLECTIONS  FAX:3028314056    PAGE  2

# UNIVERSITY OF DELAWARE

ACCOUNT SERVICES, 122 STUDENT SERVICES BUILDING, NEWARK, DELAWARE 19716

**Sponsored Account Statement**

**Spring Semester**

QUESTIONS
Account Services  (302) 831-2126
FAX  (302) 831-4056
Email Address  Acct-Services@udel.edu

Account Number  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
MetLife

Clm # 69950117100.6

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|---|---|---|---|---|
| | PREVIOUS BALANCE | | | 0.00 |
| | A299529291 | | | |
| 03/08/01 | Tuition-Continuing Ed Res | 753.00 | | |
| 03/08/01 | Registration Fee | 15.00 | | |
| | AMOUNT DUE ON   06-20-01 | | | 768.00 |
| | TOTAL DUE | | | 768.00 |

URGENT

STATEMENT REFLECTS TRANSACTIONS THROUGH MAY 31, 2001.

Please enter Account Number on all checks and correspondence.
Detach and return this portion with your check made payable to
University of Delaware
P.O. Box 16631
Wilmington, Delaware 19886-1319

Account Number  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

| | |
|---|---|
| Date Due | 06-20-01 |
| Balance Due  $ | 768.00 |
| Amount Enclosed $ | |

MetLife
c/o Careen Housley, CRC

JUN-05-01 TUE 11:45 AM   UD BILLING & COLLECTIONS   FAX:3028314056   PAGE 3

CASHIER

INVOICE **78589**

## UNIVERSITY OF DELAWARE
### NEWARK, DELAWARE 19716

DATE 03/07/01

TOTAL AMOUNT $768.00

CODE TO CREDIT 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

MetLife
Lisa Screen Housley, CRC
P.O. Box 3017, MetLife Disability
Utica, NY   13504

**URGENT**

THIS INVOICE IS DUE AND PAYABLE UPON RECEIPT. TO INSURE PROPER CREDIT, DETACH AND RETURN THE ADDRESS SECTION OF THIS INVOICE WITH YOUR REMITTANCE TO CASHIER, UNIVERSITY OF DELAWARE, NEWARK, DELAWARE 19716. MAKE ALL CHECKS PAYABLE TO UNIVERSITY OF DELAWARE.

| DESCRIPTION OF CHARGES | AMOUNT | TOTAL |
|---|---|---|
| Tuition and Fees Spring Semester 2001 | $768.00 | |
| Kernaghan, Gail A.   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 | | $768.00 |
| Balance Due: | | |

Claim # 699501171006   Fed. ID-51-6000297

| DEPARTMENT/PHONE: | PREPARED BY: | APPROVED BY: |
|---|---|---|
| Acct Services (302) 831-2126 | SW | Sally Waugh |

UDC 9070110 REVISED 9/88

DISTRIBUTION: WHITE - BUYER,
YELLOW - CASHIERS OFFICE
PINK - DEPARTMENT

---

PAYMENT REQUEST & APPROVAL REQUIREMENTS

1 3 7 0 0   6040-012LW
COST CENTER   GL Account Number to be Charged

Imp # 35750

J. Sealy   Kim Sey 6-10-01
Requester's Printed Name   Requester's Signature and Date

Joanne O Hurland   Joanne O Hurland 6/20/01
Approver's Printed Name   Approver's Signature and Date

Rosemary Laudis   315-792-2496
Contact Person   Contact Person's Phone #

A150

ML00496

# UNIVERSITY OF DELAWARE

FORM NO. RMA21
010314 000463

### ACCOUNT SERVICES, 122 STUDENT SERVICES BUILDING, NEWARK, DELAWARE 19716
#### Sponsored Account Statement
### Spring Semester

QUESTIONS:
Account Services:    (302) 831-2126
FAX:                 (302) 831-4056
Email Address:       Acct-Services@udel.edu

Account Number    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

MetLife

| DATE | DESCRIPTION | CHARGES | CREDITS | BALANCE |
|------|-------------|---------|---------|---------|
|      | PREVIOUS BALANCE |     |         | 0.00 |
| -----------299529291 | | | | |
| 02-06-01 | Tuition-Continuing Ed Res | 753.00 | | |
| 02-06-01 | Registration Fee | 15.00 | | |
|      | AMOUNT DUE ON:    03-20-01 | | | 768.00 |
|      | TOTAL DUE | | | 768.00 |

STATEMENT REFLECTS TRANSACTIONS THROUGH FEBRUARY 28, 2001.

Please enter Account Number on all checks and correspondence.
Detach and return this portion with your check made payable to
University of Delaware
P.O. Box 15611
Wilmington, Delaware 19886-1319

Account Number 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

| | |
|---|---|
| Date Due | 03-20-01 |
| Balance Due $ | 768.00 |
| Amount Enclosed $ | |

MetLife
Lisa Screen Housley, CRC
PO Box 3017, MetLife Disability
Utica            NY    13504

011    105010371000076800    992130300

A151                           ML00497

010314 000463



# UNIVERSITY OF DELAWARE

# INFORMATION ON TUITION AND FEES – SPRING 2001

## TUITION

Charges are the same for courses taken for credit or as an auditor (listener).

| # of Credit Hours | DELAWARE RESIDENT Undergraduate | Graduate | NON-RESIDENT Undergraduate | Graduate |
|---|---|---|---|---|
| 1 | $ 188.00 | $ 251.00 | $ 553.00 | $ 737.00 |
| 2 | 376.00 | 502.00 | 1,106.00 | 1,474.00 |
| 3 | 564.00 | 753.00 | 1,659.00 | 2,211.00 |
| 4 | 752.00 | 1,004.00 | 2,212.00 | 2,948.00 |
| 5 | 940.00 | 1,255.00 | 2,765.00 | 3,685.00 |
| 6 | 1,128.00 | 1,506.00 | 3,318.00 | 4,422.00 |
| 7 | 1,316.00 | 1,757.00 | 3,871.00 | 5,159.00 |
| 8 | 1,504.00 | 2,008.00 | 4,424.00 | 5,896.00 |
| 9 | 1,692.00 | | 4,977.00 | |
| 10 | 1,880.00 | | 5,530.00 | |
| 11 | 2,068.00 | | 6,083.00 | |
| 12 | | | | |
| 13 | | | | |
| 14 | | 2,255.00 | | 6,630.00 |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |

### — Tuition for Additional Credit Hours —
There is an additional charge at the per credit hour rate for undergraduate registration in excess of 17 credit hours.

| Credit Hours | DELAWARE RESIDENT Undergraduate | NON-RESIDENT Undergraduate |
|---|---|---|
| 18 | $ 188.00 | $ 553.00 |
| 19 | 376.00 | 1,106.00 |
| 20 | 564.00 | 1,659.00 |
| 21 | 752.00 | 2,212.00 |

**MBA Students** – Tuition rates for graduate students classified as Masters of Business Administration or Masters of Economics/Business Administration.

| Tuition Rates | DELAWARE RESIDENT | NON-RESIDENT |
|---|---|---|
| Per Credit Hour | $ 316.00 | $ 737.00 |
| Full-Time (9 or more credit hours) | 2,845.00 | 6,630.00 |

**Graduate Student Sustaining** – Master's Sustaining is $250.00. Doctoral Sustaining is $375.00.

## HOUSING AND DINING

**Residence Hall Room** – If you have requested a room change or if you are applying for housing for the spring semester, pay for the type of housing you requested. **To avoid late fees and/or installment charges, pay any difference by February 20, 2001.** If cancelling, see other side.

| | Double | Single | Dining |
|---|---|---|---|
| Traditional Halls* | $1,460.00 | $1,735.00 | $1,196.00 |
| with bath** | $1,545.00 | $1,860.00 | $1,196.00 |
| Rodney Economy Single | N/A | $1,580.00 | $1,196.00 |
| Pencader | $1,545.00 | $1,860.00 | $1,196.00 |
| Ray Street | $1,635.00 | N/A | $1,196.00 |

| | 1/4 of 2 Bdrm. | 1/2 of 1 Bdrm. | |
|---|---|---|---|
| Christiana Towers | $1,655.00 | $2,070.00 | Optional |

* Premium air conditioned mall spaces are charged an additional $50 per semester.
** Traditional mall spaces with bath and air conditioning also pay the additional $50 per semester.

All students must pay the full rental charge for their assigned room whether or not it is the type they requested on their Housing Preferences form.

**Dining Plan** – To select the appropriate dining plan or make a change, refer to the "Dining at Delaware" brochure with attached scan card enclosed. Complete the "Choose or Change" card, sign, make any necessary adjustment to your estimated bill and return the card with your payment in the enclosed envelope by January 8, 2001.

## COURSE-RELATED FEES

**Scuba Fee $70.00** – Charged, in addition to regular tuition, to students enrolled in HESC 132.

**Student Teaching Fee $75.00** – Charged, in addition to regular tuition, to students enrolled for EDUC 400 or IFST 459 Student Teaching.

**ITV Fee** – Students enrolled in video-based academic courses should contact the Focus Office (302) 831-1074 for fee information.

## SEMESTER-RELATED FEES

**Student Health Service Fee $146.00** – This is a mandatory fee charged to all full-time students entitling the student to use the Student Health Center. Part-time, matriculated students are eligible to receive the Health Center services by including the $146 fee in their estimated semester bill and contacting the Student Health Center or they may use the facilities on a fee-for-service basis. A booklet which further describes the services of the Student Health Center is being mailed to you separately.

**Comprehensive Student Fee $51.00** – This is a mandatory fee charged to all full-time undergraduate students. This fee supports the student fitness center, recreational programs, student activities, concerts, performing arts, and the activities of over 180 registered student organizations.

**Student Center Fee $50.00** – This is a mandatory fee charged to all full-time students to cover amortization of bonds used in the construction of the new student center and renovations to the Perkins Student Center, as well as operating costs of these student centers.

**Registration Fee $15.00** – This is a mandatory fee charged to all part-time Undergraduate, Graduate and CEND students.

**New Student Orientation Fee $50.00** – This is charged to all new students and undergraduate transfer students whether or not they attend the New Student Orientation.

## PAYMENT OPTIONS

The University of Delaware does not accept credit cards for semester bill payments. The University offers students two options for paying their semester charges:

I. **Full Payment – TOTAL OF ALL SEMESTER CHARGES.** DUE: January 8, 2001. Any increase in charges (i.e. additional tuition charge, increased dining plan or room charge) after payment has been submitted **must be paid at the time the change is made** to avoid being placed on the installment plan.

II. **Installment Fee $50.00 – 4 EQUAL PAYMENTS:** To elect the installment plan, total your semester charges/credits, add the Installment Fee, and divide the total by four. Installment payments are due by the dates shown below **without additional notice.** "Installment Reminder" notices are sent prior to the 2nd installment deadline. This "Reminder" may not reflect the amount of the payment due. If there have been no changes in the balance due, your 2nd payment should be for the same amount as the initial payment. An itemized Account Statement will be sent prior to the 3rd and the final installment deadlines. Any increase in charges (i.e. additional tuition charge, increased dining plan or room charge) after installment payments have begun **must be paid at the time the change is made to avoid installment penalties.** If you withdraw after the first two weeks of the semester you are responsible for the remainder of the installments due.

**INSTALLMENT DATES**
- 1st PAYMENT DUE: January 8 ..........(25% of Total Bill Paid)
- 2nd PAYMENT DUE: February 20 .......(50% of Total Bill Paid)
- 3rd PAYMENT DUE: March 20 ..........(75% of Total Bill Paid)
- FINAL PAYMENT DUE: April 20 ..........(Pays Account in Full)

**Installment Penalty $25.00** – Charged for each installment payment not remitted by the specified date or not paid to the proper percentage.

**Late Payment Fee $40.00** – Charged if Fee Payment Form with any required payment is not received by the January 8, 2001 deadline (increases to $55.00 on February 6).

**Returned Check Fee $25.00** – Charged to anyone presenting a dishonored check. Certified funds (cash, money order, cashiers check, etc.) may be required for future payments.

Side 1

# GENERAL INFORMATION

This mailing includes your Estimated Semester Bill, Fee Payment Form, UD1 *FLEX* Form, a "Dining at Delaware" brochure with attached scan card, and a return envelope. Most questions concerning charges or credits can be answered by reading the information in the packet. If you have a question, please refer to the appropriate department's telephone number listed on the Estimated Bill. We recommend that you retain this "Information on Tuition and Fees" sheet for future reference on rates and dates.

**Fee Payment Deadline** – The January 8 Fee Payment Deadline is very important. Registration and housing may be cancelled if the Fee Payment Form is not received by this date. **The Fee Payment Form must be completed and returned even if the semester bill is covered by Financial Aid, Graduate Contract, Fee Waiver, Tuition Remission or other credit/funding.**

**Registration Cancellation** – If you have registered and are not planning to attend the University of Delaware, please mark the space provided on the Fee Payment Form and return. Failure to cancel your registration will result in a financial obligation to the University even if you do not attend classes.

**Determination of Course Fees** – There will be no tuition rebates for courses dropped after February 19, 2001. Tuition rate is based on student classification: Undergraduate students pay undergraduate rates and graduate students pay graduate rates. Charges are determined by registrations at the end of the late registration (drop/add) period – February 19, 2001. *Tuition will be charged for courses dropped after this date including those offset by a simultaneous add. Students who increase their credit load, dining plan, room charge, etc. during the drop/add period MUST pay the additional charge at that time to avoid installment fee/penalties.*

**Room Cancellation** – Requests to cancel housing applications MUST be sent in writing directly to Housing Assignment Services. Requests to cancel registration do not cancel housing applications/assignments. Contact Housing Assignment Services (302) UD1-DORM for details.

**Room Deposit – NEW APPLICANTS:** Because housing is NOT guaranteed, the full room deposit is refundable if written request was received by the cancellation deadline (Spring Semester–December 20, 2000). The entire room deposit will be forfeited for cancellation requests received after that date and must be received prior to sign-in/occupancy to cancel the agreement. Students who have deferred their housing applications should contact Housing Assignment

Services for cancellation information. **Returning Students from Fall:** You must request release from your housing agreement. See *Official Student Handbook* for cancellation information. **To Apply for Housing:** Contact Housing Assignment Services at (302) UD1-DORM.

**Direct Loans** – If you are accepting a Federal Direct Student Loan, you may use the spring disbursement, minus a 3% origination fee, as a deduction from your semester bill. If you are accepting a Federal Direct Parent Loan, subtract a 4% origination fee. The loan servicer will notify you when the loan proceeds are being disbursed to your account. (First time borrowers: you must attend a "New Borrowers Seminar" in the Financial Aid Office prior to disbursement of the loan proceeds).

You will receive a promissory note if required before the start of classes. It should be signed and returned immediately. If it is not signed prior to February 20, 2001, you may incur installment and/or installment penalty fees.

**Non-University/Outside Scholarships** – If you are receiving a scholarship not provided by the University or the state/federal government, please submit a copy of your scholarship letter to the Office of Scholarships and Student Financial Aid. If verification of enrollment status or cost of attendance are required, you must request this information from that office. If you do not comply with the scholarship requirements, installment fee/penalties will be applied to your account as a result of a delay in disbursement of the funds to the University.

**Sibling/Parent Tuition Credit** – Full-time, matriculated undergraduate students, with a sibling or parent who is also a full-time, matriculated undergraduate student, are entitled to a Sibling/Parent Tuition credit of $100. To apply, complete the form available at the Student Services Building Service Counter. The amount of the deduction should be listed on the "other" line of the Fee Payment Form with the explanation "Sibling/Parent Tuition Credit." Students receiving tuition remission, senior citizen benefits or who are enrolled in the College Parallel Program are not eligible for this credit.

## SEE REGISTRATION BOOKLET FOR COMPLETE FINANCIAL POLICIES

## IMPORTANT DATES

**December 25, Monday – January 1, Monday**
Holiday Break; University Offices Closed.

**January 6, Saturday**
Winter Commencement.

**January 8, Monday**
Fee Payment Deadline. $40 Late Payment Fee begins after this date.

**January 15, Monday**
Martin Luther King Holiday; University Offices Closed; No classes will meet.

**January 22, Monday**
Late registration/change of registration (Drop/Add) begins via UDPhone.

**February 4, Sunday**
Residence halls open 2:00 p.m. to 9:00 p.m.

**February 5, Monday**
Classes Begin 8:00 p.m.

**February 6, Tuesday**
Late Payment Fee increases to $55.

**February 19, Monday**
Last day to drop classes without financial obligation (end of drop/add). NO TUITION REBATES FOR COURSES DROPPED AFTER THIS DATE. Tuition and a one-time $20.00 processing fee charged and a "W" grade recorded for courses dropped after this date including those offset by a simultaneous add.

**February 20, Tuesday**
2nd installment payment due.

**March 20, Tuesday**
3rd installment payment due.

**March 23, Friday**
Spring recess begins at end of classes. Residence halls close at 7:00 p.m.

**April 2, Monday**
Classes resume following spring recess at 8:00 a.m.

**April 20, Friday**
Final installment payment due. Student account must be paid in full by this date.

**May 4, Friday**
Honors Day. Modified class schedule.

**May 16, Wednesday**
Last day of classes.

**May 25, Friday**
Residence halls close at 10:00 p.m. for non-graduates.

**May 26, Saturday**
Commencement and College Convocation.
Residence halls close at 5:00 p.m. for graduates.

**May 28, Monday**
Memorial Day. University offices closed.

## EMERGENCY PHONE NUMBERS

Directory Assistance ..........................: ........ (302) 831-2000
Public Safety ................................................ (302) 831-2222
Health Center ............................................... (302) 831-2226

Side 2

A153

ML00499

010314 000463

CASHIER

# UNIVERSITY OF DELAWARE

## NEWARK, DELAWARE 19716

INVOICE **78589**

DATE 03/07/01

TOTAL AMOUNT $768.00

CODE TO CREDIT 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

MetLife
Lisa Screen Housley, CRC
P.O. Box 3017, MetLife Disability
Utica, NY 13504

THIS INVOICE IS DUE AND PAYABLE UPON RECEIPT. TO INSURE PROPER CREDIT, DETACH AND RETURN THE ADDRESS
SECTION OF THIS INVOICE WITH YOUR REMITTANCE TO CASHIER, UNIVERSITY OF DELAWARE, NEWARK, DELAWARE
19716. MAKE ALL CHECKS PAYABLE TO UNIVERSITY OF DELAWARE.

| DESCRIPTION OF CHARGES | AMOUNT | TOTAL |
|---|---|---|
| Tuition and Fees Spring Semester 2001 | | |
| Kernaghan, Gail A. 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 | $768.00 | |
| Balance Due: | | $768.00 |

Claim # 0995017100/6    Fed ID: 51-6000297

| DEPARTMENT/PHONE: | PREPARED BY: | APPROVED BY: |
|---|---|---|
| Acct Services (302) 831-2126 | SW | Sally Waugh |

DISTRIBUTION: WHITE - BUYER,
YELLOW - CASHIERS OFFICE,
PINK - DEPARTMENT

UDC 9070110 REVISED 9/88

A154

ML00500

## TELEPHONE MEMORANDUM

☐ Return File to: _____    ☐ Drop In    ☐ Rush    607

Call Received from: _____    Phone #: (   )    755

Call Made to: _Juald Payroll_    Phone #: (   )    4840
title _____ title

Firm and Group Number: _____

Employee: _Gail Kernighan_

Claim Number: _940 9 7630_    Social Security Number: _____

☐ Please Return Call    ☐ Returned Your Call

**MESSAGE**  ee RTW 7/12/94 5½ hr pr day. This would extend S&A expiration.

We do not have updated microfiche beyond 8/31/94. I can not give you accumulated time for dept. elf she con't wkg. S&A could be extended indefinately.

Thanks.

Call Received/Made by: _____    Date: ___/___/___    Time: _____

**REPLY**        ELLIE ABRAMS

SEP 21 1994

GROUP LIFE CLAIMS
DISABILITY CLAIMS

ML00559

A155

Call Returned by: _____    Date: ___/___/___    Time: _____

rrm3181.GRN 2/89

# TELEPHONE MEMORANDUM

☐ Return File to: _____    ☐ Drop In    ☐ Rush

Call Received from: _____    Phone #: (   )
                                    *title*

Call Made to: _____ *Keverix Corney* _____    Phone #: (   )
                                    *title*

Firm and Group Number: _____ *IBM* _____

Employee: _____ *Gail Kernaghan* _____

Claim Number: _____ *94097630* _____    Social Security Number: _____

☐ Please Return Call        ☐ Returned Your Call

**MESSAGE**

When did ee RTW? 7/12/94

5 ½ hrs. per day
No F/T

her wk hrs. vary mostly 5 ½ hr.
at her own job.

**ELLIE ABRAMS**

Call Received/Made by: SEP 2 1 1994 _____    Date: _____ / _____ / _____ Time: _____

**REPLY**        GROUP LIFE CLAIMS
                DISABILITY CLAIMS

ML00560

A156

Call Returned by: _____    Date: _____ / _____ / Time: _____

mm3181.GRN 2/89

## WHO THE PLAN COVERS

The Long Term Disability Plan covers employees who:

- are regular or regular part-time employees of IBM or a participating domestic, wholly-owned subsidiary of IBM; and

- are in active status or are on an approved leave of absence (other than a military leave of absence or any pre-retirement bridge leave of absence); and

- are regularly assigned in the United States of America, its territories and possessions and the Commonwealth of Puerto Rico.

It is in effect for you starting January 1, 1993, or (if later) your first day of such employment, except if you have an application pending for benefits under the IBM Medical Disability Income Plan or are entitled to receive, currently or in the future, benefits under the IBM Medical Disability Income Plan.

## WHAT THE PLAN PROVIDES

Beginning on the day after the expiration of your waiting period, and while you remain totally disabled, but not beyond the end of the month of the disability benefit period which applies to you, you will receive a monthly Long Term Disability benefit of up to 66 2/3 percent of your regular monthly compensation.

## DEFINITION OF TOTALLY DISABLED

Under the Long Term Disability Plan, totally disabled means that during the first 12 months after you complete the waiting period, you cannot perform the important duties of your regular occupation with IBM because of a sickness or injury. After expiration of that 12 month period, totally disabled means that, because of a sickness or injury, you cannot perform the important duties of your occupation or of any other gainful occupation for which you are reasonably fit by your education, training or experience. You must be under a doctor's care for your disability. At your own expense, proof of disability, satisfactory to Metropolitan, must be submitted to Metropolitan. "Your regular occupation with IBM" means the regular occupation you had with IBM as of your last day of active status.

ML00649

## AGENT FOR SERVICE OF LEGAL PROCESS

For disputes arising under those portions of the Plan insured by Metropolitan Life Insurance Company, service of legal process may be made upon Metropolitan Life Insurance Company at one of its legal offices, or upon the supervisory official of the Insurance Department in the state in which you reside.

For disputes arising under the Plan, service of legal process may be made upon the Plan Administrator.

### FIDUCIARIES

With respect to benefits under the Plan, the named fiduciaries of the Plan, within the meaning of Section 402(a) of ERISA, with authority to control and manage the operation of the Plan, are as follows:

| Named Fiduciary | Area of Fiduciary Responsibility |
|---|---|
| Metropolitan | Provision of full and fair review of claim denials pursuant to Section 503 of ERISA |
| Plan Administrator | All other areas not included above |

Each named fiduciary may appoint a person or persons other than a named fiduciary to carry out the fiduciary responsibilities of the named fiduciary under the Plan.

The fiduciary responsibilities of the named fiduciaries shall be exercisable severally and not jointly, and each named fiduciary's responsibilities will be limited to the specific areas indicated for such named fiduciary.

### DISCRETIONARY AUTHORITY OF PLAN ADMINISTRATOR AND OTHER PLAN FIDUCIARIES

In carrying out their respective responsibilities under the Plan, the Plan Administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

### PLAN YEAR

The Plan's fiscal records are kept on a policy year beginning each January 1st and ending on the following December 31st.

A158